UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00611-F

| EDWARD ALAN HOOKS, | ) | |
|---|---|---|
| *also known as* | ) | |
| EDWARD ALAN WOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Edward Alan Hooks' pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

### I. BACKGROUND[1]

Petitioner is a prisoner of the State of North Carolina who, on April 17, 2017, entered an Alford plea in Mecklenburg County Superior Court to three counts of assault with a firearm on a law enforcement officer and to attaining the status of habitual felon. The court sentenced him as an habitual felon to consecutive active sentences of 77-105 months for each count.

On May 2, 2017, Petitioner sent the presiding judge a letter, asking for reconsideration of his case. The judge filed the letter as a notice of appeal on May 8, 2017, and appellate counsel was appointed for Petitioner. Appellate counsel contemporaneously filed an appeal and a petition for writ of certiorari in the North Carolina Court of Appeals ("NCCOA"). On May 3,

---

[1] The factual and procedural background is taken from the Petition for Writ of Habeas Corpus and the accompanying brief in support. (Doc. Nos. 1, 1-1.)

1

2018, the NCCOA entered any order denying the petition for writ of certiorari "without prejudice to Defendant filing a Motion for Appropriate Relief in the trial court."

Rather than filing a motion for appropriate relief ("MAR") in the trial court, Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court in September 2018. He followed that by filing the instant habeas Petition on November 13, 2018, in the United States District Court for the Eastern District of North Carolina, which transferred it here, where venue is proper, see Doc. No. 2. He raises claims alleging error on the part of the NCCOA, appellate counsel, the trial court, and trial counsel.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing an MAR and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. By his own admission, Petitioner has not exhausted his claims. Nor, contrary to his assertions, is he exempt from the exhaustion requirement, see Supporting Br. (Doc. No. 1-1) at 2-3, as he has not demonstrated either that: 1) there is no state corrective process available to him; or (2) circumstances exist which render the available state corrective process(es) ineffective to protect his rights, see 28 U.S.C. § 2254(b)(1)(B). Indeed, the NCCOA dismissed Petitioner's certiorari petition without prejudice to his ability to raise his issues in an MAR. Accordingly, this habeas Petition is subject to dismissal for failure to exhaust available state remedies.

The Petition was timely filed in this Court, however, and AEDPA's one-year statute of limitations expired while this action was pending. See 28 U.S.C. 2244(d)(1). Thus, if the Court were to dismiss the Petition as unexhausted, and Petitioner returned to state court and exhausted his federal claims, a subsequent § 2254 petition raising those claims would most likely be untimely. Accordingly, the Court shall provide Petitioner the opportunity to exhaust his federal claims in state court by staying this action, subject to the following conditions:

1. No later than 30 days after entrance of this Order, Petitioner shall file a pleading in the appropriate state court raising his federal constitutional claims;

2. No later than 45 days after entrance of this Order, Petitioner shall file in this Court a document containing the case number assigned to his state case, the date on which it was filed or docketed by the state court, and the name of the state court in

which it was filed; and

3. Every 30 days thereafter, Petitioner shall file a document in this Court with an update on the status of his state court case.

**FAILURE TO COMPLY WITH ANY OF THESE CONDITIONS, <u>SHALL</u> RESULT IN DISMISSAL OF THIS ACTION.**

**IT IS, THEREFORE, ORDERED** that this habeas action shall be held in abeyance pending Petitioner's exhaustion of his state court remedies, subject to the conditions set forth.

Signed: November 4, 2019

Frank D. Whitney
Chief United States District Judge